Mr. Justice Buti/Sr
delivered the opinion of the court.
1 do not wish to be understood as laying down the broad proposition, that detinue will not lie against one out of possession of the chattel sued for, at the commencement of the suit; for there are-cases where detinue will lie against one out of possession, at the time of action brought; and there also many cases where it will not He, where the defendant has been proved to have once been in-possession. It may be difficult to draw the distinction. I would lay down this as a general- proposition,-that is supported by the authorities on the subject. Detinue will- lie against one out of possession, where he has once had the rightful- possession, and has culpably parted with it; but where he has been deprived of his* possession by the authority of law ; or where he has parted with» it without any intentional derogation of the title of the true owner, he would not be held liable to this form of action ; although he might be, in the latter instance, to actions of a different form. The general principle is very well extracted from authorities, and laid down by Tomlin. “In actions of detinue, the thing must once be in the possession of the defendant, and which possession must not be altered by act of law or seizure.” The question was fully discussed, and considered, in the case of Brumely vs. Bramlet, Washington’s Reports, 1 vol. page 309. Marshall, (late chief justice,) counsel for the defendant, contended that detinue could not lie, at all, against one out of possession. Judge Pendleton, president of the court, delivered the opinion of the court, and lays down the law as follows ; “ We come next to enquire, what is necessary for the plaintiff to prove in this action, (detinue.) The books agree that he must prove title in himself, and possession in the defendant; but as to the time, it should be proved that he was in possession; whether at the date of the writ, or whether an anterior possession, would be sufficient, the cases are totally silent. *280 Tho court agrees with the circuit judge, that the latter would be sufficient.” But the same judge goes on to say, that if the defendant can shew that he has been lawfully dispossessed, his plea of nonde-tinei would be well supported. If one take goods on bailment, and by his negligence, he suffers them to be taken away, or he fraudulently parts with them, either for his own. gain, or to subserve the designs of another, he ought to be compelled to make restitution of thereby the highest authority of the law ,• or to pay a high price to the owner, by way of punishment, for his wrong, as well as compensation to the owner. Every one has a right to put a value on his own properly, and no one who 1ms received it, on the confidence that it would be returned, should deprive the owner of it, and compel him to take the market price, which indifferent persons might place on it. This applies to a case of bailment peculiarly.' But where the bailee has been deprived of his possession by a power which he could not. control, would it be just that he should answer for the loss to tho true owner ? if he is free from blame, he should be exempt from liability, in the cases I have put, it must always depend on the degree of blame which- would attach to the manner, by which a party has parted with, or been deprived of, possession, whether he would be liable at all, or not.
There is another class -oi cases, within which, tho case under consideration, must (all; and that is, where one comes into posses-, sion of personal chattels indirectly, and parts with them honestly ; as where he finds an article, and parts with it, not knowing the owner ; or gets possession as administrator or executor, and sells the property in the bona fide performance of his duty, according to law, and without any intention of prejudicing the true owner’s title ; in such cases the defendant would be liable for the value of the thing sold, either in trover or assumpsit. “And, although, where goods are found and sold, See., detinue lies not; yet an ac« tion on the case in trover, for conversion, may be brought."
The Tear Books are quoted by one or two elementary authors for the above position; and it seems to me to be entirely agreeable to good sense and justice. For although the owner has a good claim for the money, he ought not to compel the party to make restitution of that which he has parted with at the time he knew not the owner.Some of the authorities go so far as to say that detinue will not lie for property destroyed by trespass. Judge Story, in his treatise on Bailmeuts, 77, is more full and explicit on this subject: “ Cases are also put in the civil and French law, how far the heir or admi. nistrator of a deceased bailee, should be liable if in ignorance of *281 the bailment, he sells the thing. It is held, that he is not liable a» in tort, but for the price which he has received, and only when lid has received it. Our law would treat the case as one of convert sion, and would give the owner the value of the thing so sold ; et' enable him in most cases, at his election,- to proceed against the vendee for restitution.” See also 2d vol. of Sanders Reports, 47.-Trover or assumpsit in such cases would answer the ends of jus»-tice. In detinue a defendant might be subject to great hardship and gross injustice, when he could not make restitution, and might be compelled to pay heavy damages by way of penalty, to compel him to make compensation to the owner, on his fancied value of the article.
In the case under consideration, the question may be asked, did the defendant come into possession of the slaves in his representative capacity, and did he sell them with the bona fide purpose of performing his duty according to law, and not with a design of prejudicing the rights of the one, who now claims to be the legal and true owner ? If he can establish these facts to the satisfaction of a jury, his plea of non detinet would be well supported. The presiding judge in his report, says, that he considered the testimony as conclusive of the fact, that the negroes in question, constituted no part of the assets belonging to the estate of Churr, and that the plaintiff was entitled to recover.” The circuit judge may be correct in his legal conclusions, but to what extent the plaintiff is entitled to recover, depends very much on the form of action, and the view which may be taken of the facts, in reference to it. The judge' was correct in deciding, I think, that detinue might lie against one out of possession ; but the class of cases in which it will not lie, was not, perhaps, brought to his view, and of course he could not charge in reference to them. According to his view of the law, he eharged explicitly for the plaintiff. Now the plaintiff’s title and right to recover, may, or may not be good. According to my view of the law, if the defendant parted with the possession of the ne-groes in the due and fair administration of his intestate’s estate, he would only be liable for the conversion, or the tort being waived, for the money for which the negroes sold ; that is, if the plaintiff has the legal right to recover at all. The question of plaintiff’s title is directly involved in another case, between the same parties, and depends on the construction of the trust deed, under which he claims. My brother O’Neall, has prepared an opinion in this case, and the parties interested are referred to it, for the opinion of th® *282 court, on the question involved, granted. The motion for a new trial is
Thoiipson, for motion.
Hunt, contra.
Filed 20th February, 1837.
A. P. BUTLER,
We concur,
J. S. ¡UCH VRDSON,
JOSIAH 3. EVANS,
JOHN B. O’NEALL,